THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD LEWIS, ALIAS EDWARD NEAFSEY, HERBERT R. WOOD, ALIAS CHARLES MERCER, AND DONALD C. LLOYD, PLAINTIFFS IN ERROR.

Submitted March 22, 1923—Decided June 5, 1923.

1. Whether review is sought by assignments of errors on bills of exceptions or by specifications of causes for reversal, pursuant to paragraph 136 of our Criminal Procedure act, the grounds of error or causes for reversal must be definitely pointed out and assigned or specified with sufficient precision to apprise the court and opposing counsel of the injury complained of. Assignments or specifications stating merely that the grounds or causes are— (1) because the court excluded legal, relevant and competent testimony; (2) admitted illegal, irrelevant and incompetent tesmony, and (3) erred in his charge to the jury, are not in compliance with this rule.

2. Assignments of error and specifications of causes for reversal, which are not argued by the plaintiff in error, either orally or in the brief, will be considered abandoned.

3. A judgment in a criminal case will not be reversed for alleged errors which could not have prejudiced the accused in maintaining his defence upon the merits.

On error to the Atlantic County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE, and TRENCHARD.

For the plaintiffs in error, *William I. Garrison.*

For the state, *Edmund C. Gaskill, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.   The state of the case presented to us is informal and defective in several respects. But an inspection of the files discloses an indictment, conviction and sentence as set forth in the brief of the plaintiffs in error.

The plaintiffs in error, Edward Lewis, alias Edward Neafsey, Herbert R. Wood, alias Charles Mercer, and Donald C. Lloyd (together with Joseph E. Ryan, alias Michael Noonen, and Thomas McCarthy, alias Thomas Norman), were indicted by the grand jury of Atlantic county for conspiracy to obtain money from one Robert L. Haney by false and fraudulent representations, the indictment setting forth particularly the means used and the overt acts done in the execution of the conspiracy.

A severance was permitted as to Ryan and McCarthy, and the state went to trial against the plaintiffs in error, who were convicted and sentenced.

The plaintiffs in error undertook to assign errors on their bills of exceptions and also to specify causes for reversal, pursuant to paragraph 136 of the Criminal Procedure act.

The assignments of error and causes for reversal are identical. They are as follows: "1. Because the verdict is clearly against the weight of the evidence. 2. Because the court excluded legal, relevant and competent testimony. 3. Because the court admitted illegal, irrelevant and incompetent testimony. 4. Because the court erred in his charge to the jury. 5. Because the prosecutor made illegal comments in the presence of the jury."

The first cause for reversal specified requires an examination of the entire evidence. *Pamph. L.* 1921, *p.* 951. We have examined it with care and we are of the opinion that the verdict is not against the weight of the evidence.

The prosecutor of the pleas objects to any consideration of the second, third and fourth assignments and specifications, contending that they are not sufficient to present any question for review, and we think he is right.

In assigning error on bills of exceptions, "the grounds of error should be definitely pointed out by the assignment or they will not be considered." *Lutlopp* v. *Heckmann,* 70 *N. J. L.* 272. "The adverse counsel are entitled to know what the exception is, and the court is not required to search for errors not definitely pointed out." *Donnelly* v. *State,* 26 *Id.* 463, 512. So, too, when the review is by way of section

136 of the Criminal Procedure act, causes for reversal must be specified with sufficient precision to apprise the court and opposing counsel of the injury complained of. *State* v. *McCormack,* 93 *Id.* 287; *affirmed,* 94 *Id.* 262. See, also, *State* v. *Herron,* 77 *Id.* 523; *State* v. *Lavieri,* 93 *Id.* 201; *State* v. *Comstock,* 95 *Id.* 321.

Therefore, whether review is sought by assignments of errors on bills of exceptions or by specifications of causes for reversal, pursuant to section 136 of our Criminal Procedure act, the grounds of error or causes for reversal must be definitely pointed out and assigned or specified with sufficient precision to apprise the court and opposing counsel of the injury complained of. Assignments or specifications (as .here) stating merely that the grounds or causes are (1) because the court excluded legal, relevant and competent testimony; (2) admitted illegal, irrelevant and incompetent testimony, and (3) erred in his charge to the jury, are not in compliance with this rule.

The fifth assignment and specification, stating merely that the prosecutor made illegal comments in the presence of the jury, is likewise objected to by the prosecutor of the pleas and is open to the same objection. Moreover, it is not argued by the plaintiffs in error, either orally or in the brief, and will be considered abandoned.

However, in order to make sure that no injustice has been done, we have examined the record with relation to the exclusion of testimony, to the admission of testimony, the charge of the court, and the comments of the prosecutor. From such examination we are of the opinion that there was no error; but, if erroneous, such alleged errors could not have prejudiced the accused in maintaining their defence on the merits. So, upon the whole case, no reason for reversal is presented.

The judgment below will be affirmed.